```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION

CHARLES MARQUIS,                §
                                §
                Plaintiff,      §
                                § Civil Action No. 3:09-CV-2092-D
VS.                             §
                                §
OMNIGUIDE, INC.,                §
                                §
                Defendant.      §
```

## MEMORANDUM OPINION AND ORDER

Defendant OmniGuide, Inc. ("OmniGuide") moves to dismiss the claims of plaintiff Charles Marquis ("Marquis") under Fed. R. Civ. P. 12(b)(1) for failure to exhaust certain claims and under Rule 12(b)(6) for failure to state a claim on which relief can be granted. The court grants the motion in part and denies it in part and grants Marquis leave to replead.

I

OmniGuide employed Marquis as a commissioned salesman.[1] It terminated his employment two years after he was hired. Marquis

---

[1] In deciding OmniGuide's Rule 12(b)(6) motion to dismiss, the court construes Marquis' complaint in the light most favorable to him, accepts as true all well-pleaded factual allegations, and draws all reasonable inferences in his favor. *See, e.g., Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004). As the court explains below, to survive the motion, Marquis must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U. S. ___, 129 S.Ct. 1937, 1949 (2009).

was in his early 40's when he was hired, and was in his mid-40's when he was terminated. Marquis alleges that OmniGuide discharged him due to discrimination based on his age and "night blindness" disability. He avers that he is owed unpaid commissions and that OmniGuide made two defamatory statements about him that constituted libel and slander. Marquis also asserts that OmniGuide retaliated against him by failing to pay him the commissions and by making the defamatory statements.

Marquis sues OmniGuide for (1) age discrimination, in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and the Texas Commission on Human Rights Act ("TCHRA"), Tex. Lab. Code Ann. § 21.001 *et seq.* (Vernon 2006);[2] (2) disability discrimination, in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*; (3) retaliation, in violation of the ADEA, ADA, and TCHRA; (4) defamation; and (5) breach of contract or, alternatively, quantum meruit.

---

[2]As the court noted in *King v. Enterprise Leasing Co. of DFW*, 2007 WL 2005541 (N.D. Tex. July 11, 2007) (Fitzwater, J.): "'Chapter 21 was entitled the Texas Commission on Human Rights Act until the abolishment of the Commission on Human Rights. In 2004, the 'powers and duties' of the Commission on Human Rights were transferred to the Texas Workforce Commission Civil Rights Division.'" *Id.* at *1 n.1 (quoting *Tex. Dep't of Criminal Justice v. Guard*, 2007 WL 1119572, at *2 n.3 (Tex. App. 2007, no pet. h.) (not designated for publication)).

II

OmniGuide moves under Rule 12(b)(1) to dismiss Marquis' claims for discrimination and retaliation arising under the TCHRA, asserting that the court lacks subject matter jurisdiction because Marquis failed to exhaust administrative remedies with the Texas Workforce Commission ("TWC") before filing suit. OmniGuide maintains that Marquis failed to file his notice of discrimination with the TWC within 180 days of his termination, and to seek and obtain a right-to-sue letter from the TWC.

A

"The [TCHRA] requires the exhaustion of state remedies as a jurisdictional prerequisite." *Jones v. Grinnell Corp.*, 235 F.3d 972, 974 (5th Cir. 2001) (citing *Schroeder v. Tex. Iron Works, Inc.*, 813 S.W.2d 483, 485 (Tex. 1991)). "If a complainant fails to exhaust his state administrative remedies, the [TCHRA] jurisdictionally bars this court from hearing the case regardless of equitable and policy concerns." *Id.* (citing *Zevator v. Methodist Hosp. of Houston*, 1995 WL 500637, at *2 (S.D. Tex. Mar. 30, 1995); *Ridgway's Inc. v. Payne*, 853 S.W.2d 659, 663 (Tex. App. 1993, no writ)). "Texas courts hold that it is the entitlement to a right-to-sue letter rather than the receipt of the letter that exhausts the complainant's administrative remedies." *Wooten v. Fed. Exp. Corp.*, 2007 WL 63609, at *8 n.14 (N.D. Tex. Jan. 9, 2007) (Fitzwater, J.) (citing *Rice v. Russell-Stanley, L.P.*, 131 S.W.3d

510, 513 (Tex. App. 2004, pet. denied)), *aff'd*, 325 Fed. Appx. 297 (5th Cir. 2009). "[T]he right-to-sue letter is not part of the exhaustion requirement, only *notice* of exhaustion [is required]." *Rice*, 131 S.W.3d at 513 (emphasis added).

"In order to comply with this exhaustion requirement, an employee must: (1) file a complaint with the [TWC] within 180 days of the alleged discriminatory act; (2) allow the [TWC] to dismiss the complaint or resolve the complaint within 180 days before filing suit; and (3) file suit no later than two years after the complaint is filed." *Wiltshire v. Humpal Physical Therapy, P.C.*, 2005 WL 2091092, at *2 (Tex. App. Aug. 31, 2005, no pet.) (unpublished opinion); *City of Houston v. Fletcher*, 63 S.W.3d 920, 922 (Tex. App. 2002, no pet.). A complaint filed with the Equal Employment Opportunity Commission ("EEOC")──the federal agency responsible for administering ADEA and ADA claims──and forwarded by the EEOC to the TWC, satisfies the filing requirements of the TCHRA. *See Price v. Phila. Am. Life Ins. Co.*, 934 S.W.2d 771, 773-74 (Tex. App. 1996, no writ). "[E]xhaustion occurs when the complainant files a timely charge with the commission and waits 181 days to file suit." *City of Houston*, 63 S.W.3d at 922.

B

Marquis concedes that he cannot bring an age discrimination claim under the TCHRA. He filed his discrimination complaint jointly with the EEOC and TWC more than 180 days after his

termination, and therefore the court does not have subject matter jurisdiction over this state-law claim. When Marquis files his amended complaint, *see infra* § IV, he can, as he requests, delete the reference to the TCHRA-based age discrimination claim.

Marquis maintains that the court has jurisdiction over his TCHRA-based retaliation claim. He points out that he sent his demand letter on June 9, 2009 and filed his charge of discrimination jointly with the EEOC and TWC on July 15, 2009. Marquis asserts that, while he filed his discrimination complaint with the TWC more than 180 days after his termination, it was within 180 days of his sending the demand letter to OmniGuide that resulted in the allegedly retaliatory activity. Marquis therefore maintains that his complaint was timely filed.

Marquis also argues that the court has jurisdiction over his state-law retaliation claim based on the TWC's right-to-sue letter. He points out that he requested such a letter from the TWC (as alleged in his complaint), and that he received the letter before OmniGuide filed its motion to dismiss. Marquis alleges that OmniGuide's counsel was informed that the letter was sent, and he speculates that the statements in OmniGuide's motion to dismiss may reflect a lack of communication among the company's various attorneys.

Marquis filed his second amended complaint ("complaint") five days before the TWC issued the right-to-sue letter. Marquis admits

that he had not received the letter when he filed his complaint, but he maintains that this does not mean that his state-law retaliation claim is jurisdictionally barred. Instead, he argues that the proper remedy for a premature filing would be abatement until the TWC authorizes the suit. Because any delay in this case would only have been five days (from December 23, 2009 to December 28, 2009), and because the letter was issued before OmniGuide filed its motion to dismiss, Marquis argues essentially that the error is harmless.

C

The court has jurisdiction over Marquis' retaliation claim under the TCHRA. This claim stems from actions allegedly taken after he sent a demand letter on June 9, 2009. He filed his discrimination charge with the EEOC and TWC within the 180-day period.

As to the issue of the right-to-sue letter, there is no dispute regarding whether Marquis had the right to sue OmniGuide when he filed suit; instead, the question is whether he had been informed of his right to sue. As stated above, "the right-to-sue letter is not part of the exhaustion requirement, only notice of exhaustion [is required]." *Rice*, 131 S.W.3d at 513. Although it is not clear from the record whether Marquis had notice of his right to sue before he received the December 28, 2009 letter, even assuming he did not, there is no jurisdictional flaw. "[P]remature

filing is not incurable, and jurisdiction vests or attaches once the required time has elapsed." *Mackey v. Children's Med. Ctr. of Dallas*, 2006 WL 2713788, at *7 (N.D. Tex. Sept. 22, 2006) (Lindsay, J.). The required time in this case was a mere five days. As in *Mackey*, there has been an effective abatement due to the passage of time. *See id.* at *8 ("Although the court did not formally issue an order of abatement, now that the clock has run there has been an effective abatement. Moreover, as Defendant did not move to abate, that the court did not issue a formal order is of no moment."). The court therefore denies OmniGuide's motion to dismiss under Rule 12(b)(1) as to Marquis' state-law claim for retaliation.

III

OmniGuide moves under Rule 12(b)(6) to dismiss all of Marquis' claims.

A

Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While "the pleadings standard Rule 8 announces does not require 'detailed factual allegations,'" it demands more than "'labels and conclusions.'" *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). And "a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*; see also *Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting Rule 8(a)(2)) (alteration omitted).

B

The court holds that Marquis has pleaded plausible claims for breach of contract and quantum meruit. Marquis sues for unpaid commissions that he alleges were owed under a contract—a sales

commission agreement and written commission plan. Alternatively, he seeks to recover under quantum meruit for the benefits he conferred on OmniGuide and for which he expected to be compensated under the commission policy. Although Marquis was employed at-will, under Texas law he can recover for breach of contract if OmniGuide promised him certain compensation and failed to pay him. The parties dispute whether Marquis can prove the facts necessary to recover unpaid commissions—e.g., concerning when the orders giving rise to the disputed commissions were shipped—but Marquis has pleaded a plausible claim for breach of contract. Marquis has also pleaded a plausible quantum meruit claim.

C

Marquis has in part pleaded a plausible claim for libel and slander and in part has not. Marquis relies on two defamatory statements: one by a company Vice President during an internal conference call, soon after Marquis' termination, to the effect that Marquis was fired because customers no longer wanted to work with him; and a second statement by an OmniGuide representative, who told a former employee that OmniGuide was not concerned about Marquis' threat to sue for discrimination because OmniGuide had incriminating information about unethical and illegal actions that Marquis had taken while employed by OmniGuide.

Citing *Exxon Mobil Corp. v. Hines*, 252 S.W.3d 496, 503 (Tex. App. 2008, no pet.), OmniGuide argues that any claim based on the

first statement must be dismissed because it was an internal communication within the company discussing the reasons for an employee's termination, and therefore cannot give rise to a defamation action. But *Exxon Mobil* does not preclude all recoveries for defamation based on internal communications. *See id*. (stating that holding of case should not be construed to suggest that employee can never recover defamation damages from employer; it merely means that employee cannot recover as defamation damages those damages caused by employment termination). Marquis sues for damages that are not due to termination. OmniGuide does not present any other arguments in support of dismissal of the claims based on the first allegedly defamatory statement.

The court holds that Marquis has failed to state a plausible claim regarding the second statement. Marquis has not alleged that the unnamed company representative was acting within the course and scope of his employment. As pleaded, Marquis' account of the statement is vague and generalized. The complaint does not allege any facts that, taken as true, establish that the speaker was acting in the capacity of a company representative when speaking. The complaint can fairly be read to aver that an OmniGuide employee made the statement in a personal conversation. Nor does the complaint adequately allege the authority of the anonymous representative to speak on behalf of OmniGuide, such that the

- 10 -

company would be liable for any defamatory statements.

D

The court holds that Marquis has failed to adequately plead plausible retaliation claims under the ADA, ADEA, and TCHRA.

Marquis does not specify in his complaint what particular actions constitute retaliation or the "protected activity" on which he relies. It appears from the briefing that Marquis relies on his June 9, 2009 demand letter as protected activity and that he contends OmniGuide retaliated by making defamatory statements and withholding commissions.

Marquis has failed to plead a plausible retaliation claim based on the first allegedly defamatory statement. The first of the two statements took place less than a week after his termination. It is not plausible that the statement was made in retaliation for his letter, which was not sent until many months later.

Nor has Marquis adequately pleaded a retaliation claim based on the alleged second defamatory statement. Because, as explained above, *see* § III(C), Marquis has failed to allege that the unnamed company representative was acting within the course and scope of his employment, he has not pleaded that OmniGuide itself undertook any retaliatory act by making the statement.

Marquis has not pleaded a plausible claim based on OmniGuide's refusal to pay commissions, which occurred before Marquis sent the

letter.  Although Marquis characterizes OmniGuide's withholding of commissions as an ongoing action that continued after the letter was sent, this claim is not plausible as pleaded.  This is because the refusal to pay commissions began *before* Marquis sent the letter.  Marquis must therefore rely on the implausible claim that the repeated failure to pay commissions, although initially undertaken for a non-retaliatory reason, was continued as an act of retaliation once he sent the letter.

E

Marquis has stated plausible claims for age discrimination under the ADEA and TCHRA.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-11 (2002).[3]  Among the allegations of his complaint are that he was qualified for his position and performed his job well; he was transferred to a supervisor who was younger than he; the company applied disparate treatment to him after the transfer; OmniGuide falsely stated that Marquis failed to meet his sales quota; his relationships with customers were positive, contrary to OmniGuide's claims; and the reasons offered for his dismissal were false and pretextual.  These allegations suffice to "allow[] the court to draw the reasonable inference that the defendant is liable

---

[3]OmniGuide's reliance at the pleading stage on the "same actor" inference to support dismissal of Marquis' claims under the ADEA, ADA, and TCHRA for age and disability discrimination is misplaced.  This theory allows an inference in favor of finding no discrimination, but, as Marquis' complaint is pleaded, it does not render his claims implausible.

for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

F

Finally, Marquis has adequately pleaded a plausible claim for disability discrimination. He alleges that he suffers from "severe night blindness"; his ability to see after dark or in dim light is greatly impaired; this condition affects the major life functions of exercising, walking, and seeing; and he is unable to drive in the late afternoon or at night. And he avers that OmniGuide began engaging in discriminatory behavior shortly after he informed his supervisor of the driving restrictions necessitated by his vision impairment.

IV

Marquis has requested leave to amend if the court determines that any portion of his complaint is inadequate. The court has previously held that,

> in view of the consequences of dismissal on the complaint alone, and the pull to decide cases on the merits rather than on the sufficiency of pleadings, district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.

*In re Am. Airlines, Inc., Privacy Litig.*, 370 F.Supp.2d 552, 567-68 (N.D. Tex. 2005) (Fitzwater, J.) (quoting *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.

2002)).  In this case, it is not clear that all of the defects in Marquis' complaint are incurable.  The court will therefore allow Marquis to file an amended complaint.

*   *   *

Accordingly, for the foregoing reasons, the court grants in part and denies in part OmniGuide's motion to dismiss.  Marquis may file an amended complaint within 30 days of the date this memorandum opinion and order is filed.

**SO ORDERED.**

May 14, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

- 14 -