IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHARLES MARQUIS | § | Civil Action No. 3:09-CV-2092-D |
| *Plaintiff,* | § | |
| v. | § | JURY TRIAL DEMANDED |
| OMNIGUIDE, INC. | § | |
| *Defendant.* | § | |

**DEFENDANT'S ORIGINAL ANSWER, AFFIRMATIVE DEFENSES
AND COUNTERCLAIMS**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Defendant OmniGuide, Inc. ("OmniGuide"), by and through its attorneys, answers the Third Amended Complaint and Jury Demand ("Third Amended Complaint") of Plaintiff Charles Marquis ("Marquis") and asserts affirmative defense and counterclaims as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1. OmniGuide admits the allegations in this paragraph.

2. OmniGuide admits the allegations in this paragraph.

3. OmniGuide admits the allegations in this paragraph.

4. OmniGuide admits the allegations in this paragraph.

**II. FACTUAL BACKGROUND**

5. OmniGuide admits the allegations in this paragraph.

6. OmniGuide admits the allegations in this paragraph.

7. OmniGuide admits the allegations in this paragraph.

8. OmniGuide admits the allegations in this paragraph.

1

9. OmniGuide admits that it employed Marquis from October 2006 to November 2008. OmniGuide otherwise denies the allegations in this paragraph except that OmniGuide avers that it hired Marquis based on the representations he made as to his experience and qualifications.

10. OmniGuide denies the allegations of this paragraph, except that OmniGuide avers Marquis received a commission-based salary.

11. OmniGuide denies the allegations of this paragraph.

12. OmniGuide denies the allegations of this paragraph.

13. OmniGuide denies the allegations of this paragraph.

14. OmniGuide admits that it terminated Marquis on November 3, 2008 and gave him reasons for that termination on that date. OmniGuide otherwise denies the allegations of this paragraph.

15. OmniGuide admits the allegations in the first two sentences of this paragraph. OmniGuide otherwise denies the allegations of this paragraph except avers that OmniGuide copied Doug Woodruff, Joe Anderson and Allison Swartz on the letter it sent to Marquis dated November 6, 2008.

16. This paragraph contains statements and conclusions of law that do not require any responsive pleading. To the extent that this paragraph contains any allegations of fact or that any further response is deemed necessary, OmniGuide denies such allegations except OmniGuide avers that it told those with a need to know that Marquis had been terminated.

17. This paragraph contains statements and conclusions of law that do not require any responsive pleading. To the extent that this paragraph contains any allegations of fact or that any further response is deemed necessary, OmniGuide denies such allegations.

18. OmniGuide admits that it paid Marquis commissions pursuant to the provisions of a sales commission plan. OmniGuide otherwise denies the allegations of this paragraph.

19. OmniGuide admits the allegations in the first two sentences of this paragraph. OmniGuide otherwise denies the allegations in this paragraph.

20. OmniGuide denies the allegations of this paragraph.

21. This paragraph contains statements and conclusions of law that do not require any responsive pleading. To the extent that this paragraph contains any allegations of fact or that any further response is deemed necessary, OmniGuide denies such allegations.

22. OmniGuide lacks sufficient information to admit or deny that Marquis "has diligently looked for comparable employment within his field and has been unable to become employed." OmniGuide otherwise denies the allegations of this paragraph.

23. OmniGuide admits the allegations of this paragraph, except OmniGuide denies that Marquis filed his charge of discrimination within 180 days of actions he alleges were retaliatory and committed by OmniGuide. OmniGuide further denies that it committed any retaliatory acts against Plaintiff.

24. OmniGuide admits the allegations of this paragraph, except OmniGuide avers that Marquis is filing his Third (not Second) Amended Complaint and denies that all administrative perquisites to Marquis filing his age discrimination, disability discrimination and retaliation claims in this Court have been fulfilled.

25. OmniGuide admits the allegations of this paragraph.

26. OmniGuide admits the allegations of this paragraph.

27. OmniGuide denies the allegations of this paragraph.

28. OmniGuide denies the allegations of this paragraph.

      29.      OmniGuide admits Marquis has retained counsel but lacks sufficient information to admit or deny the remaining allegation of this paragraph.

### III.  CAUSES OF ACTION

**A.  Defamation – Slander, Slander Per Se, Libel, and Libel Per Se**

      30.      Defendant refers Marquis to its answers to paragraphs 1 – 29 of the Third Amended Complaint.

      31.      Defendant admits the allegations of this paragraph.

      32.      OmniGuide denies the allegations of this paragraph.

      33.      OmniGuide denies the allegations of this paragraph.

      34.      OmniGuide denies the allegations of this paragraph.

      35.      OmniGuide denies the allegations of this paragraph.

      36.      OmniGuide denies the allegations of this paragraph.

      37.      OmniGuide denies the allegations of this paragraph.

      38.      OmniGuide denies the allegations of this paragraph.

      39.      OmniGuide denies the allegations of this paragraph.

      40.      OmniGuide denies the allegations of this paragraph.

**B.  Breach of Contract**

      41.      OmniGuide refers Marquis to its answers to paragraphs 1 – 40 of the Third Amended Complaint.

      42.      OmniGuide denies the allegations of this paragraph.

      43.      OmniGuide denies the allegations of this paragraph.

      44.      OmniGuide denies the allegations of this paragraph.

      45.      OmniGuide denies the allegations of this paragraph.

46. OmniGuide denies the allegations of this paragraph.

**C.     *Quantum Meruit***

47. OmniGuide refers Marquis to its answers to paragraphs 1 – 46 of the Third Amended Complaint.

48. OmniGuide admits Marquis asserts a cause of action for *Quantum Meruit* in the alternative to breach of contract claim. OmniGuide otherwise denies the allegations of this paragraph.

49. OmniGuide admits the allegation in the first sentence of this paragraph. OmniGuide denies the allegation in the second sentence of this paragraph.

50. OmniGuide denies the allegations of this paragraph.

51. OmniGuide denies the allegations of this paragraph.

52. OmniGuide admits that Marquis seeks attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code § 38.001.

**D.     Age Discrimination**

53. OmniGuide refers Marquis to its answers to paragraphs 1 – 52 of the Third Amended Complaint.

54. OmniGuide admits the allegations of this paragraph.

55. OmniGuide denies the allegations of this paragraph.

56. OmniGuide denies the allegations of this paragraph.

57. This paragraph contains statements and conclusions of law that do not require any responsive pleading. To the extent that this paragraph contains any allegations of fact or that any further response is deemed necessary, OmniGuide denies such allegations.

58.     OmniGuide admits that Marquis has retained an attorney.  OmniGuide lacks sufficient information to admit or deny the remaining allegations in this paragraph.

**E.     Disability Discrimination**

59.     OmniGuide refers Marquis to its answers to paragraphs 1 – 52 of the Third Amended Complaint.

60.     OmniGuide denies the allegations of this paragraph.

61.     OmniGuide denies the allegations in this paragraph.

62.     This paragraph contains statements and conclusions of law that do not require any responsive pleading.  To the extent that this paragraph contains any allegations of fact or that any further response is deemed necessary, OmniGuide denies such allegations.

63.     OmniGuide admits that Marquis has retained counsel and that he seeks recovery of his attorneys' fees.  OmniGuide otherwise denies the allegations of this paragraph.

**F.     Retaliation**

64.     OmniGuide refers Marquis to its answers to paragraphs 1 – 63 of the Third Amended Complaint.

65.     OmniGuide denies the allegations of this paragraph.

66.     OmniGuide denies the allegations of this paragraph.

67.     OmniGuide denies the allegations of this paragraph.

68.     This paragraph contains statements and conclusions of law that do not require any responsive pleading.  To the extent that this paragraph contains any allegations of fact or that any further response is deemed necessary, OmniGuide denies such allegations.

69. This paragraph contains statements and conclusions of law that do not require any responsive pleading. To the extent that this paragraph contains any allegations of fact or that any further response is deemed necessary, OmniGuide denies such allegations.

70. OmniGuide admits that Marquis has retained counsel and seeks recovery of his attorneys' fees and costs. OmniGuide otherwise denies the allegations of this paragraph.

## IV.  JURY DEMAND

71. This paragraph does not contain any allegations which OmniGuide must admit or deny.

## V.  PRAYER FOR RELIEF

72. OmniGuide denies that it is liable to Marquis under any theory of law or in equity and denies that Marquis is entitled to any damages for the causes of action brought in this suit.

## VI.  AFFIRMATIVE DEFENSES

1. As to each count, without conceding that Marquis has suffered any damages as a result of any purportedly wrongful act of the Defendant, Marquis has failed to mitigate his damages.

2. To the extent that Marquis has suffered the damages alleged in his Third Amended Complaint, which OmniGuide denies, such damages were incurred as a result of Plaintiff's own negligence, acts or omission.

3. Pleading in the alternative and denying all liability, OmniGuide asserts that some or all of Plaintiff's claims are barred by the doctrine of unclean hands.

4. Pleading in the alternative and denying all liability, Marquis has waived or should be estopped from asserting the claims alleged in the Third Amended Complaint.

5. Pleading in the alternative and denying all liability, some or all of Plaintiff's defamation claims are barred because OmniGuide had a qualified privilege to make such statements.

6. Pleading in the alternative and denying all liability, OmniGuide asserts some or all of Plaintiff's defamation claims are barred because such claims are based on the truth.

7. Pleading in the alternative and denying all liability, OmniGuide asserts some or all of Plaintiff's defamation claims are barred because Marquis consented to the publication of any defamatory statement.

8. Pleading in the alternative and denying all liability, OmniGuide asserts that the statements of which Marquis complains are not disparaging as a matter of law.

9. Pleading in the alternative and denying all liability, OmniGuide asserts that the statements of which Marquis complains are opinion.

10. Pleading in the alternative and denying all liability, OmniGuide asserts that it terminated OmniGuide and took all employment actions with regard to him for legitimate, non-discriminatory reasons.

11. Pleading in the alternative and denying all liability, OmniGuide asserts that Marquis had no reasonable expectation of remuneration for sales shipped after his termination and that Marquis only seeks recovery of commissions for items shipped after his termination.

12. Pleading in the alternative and denying all liability, OmniGuide denies all conditions precedent have been met such that Marquis is entitled to commissions under the commission agreement.

13. Pleading in the alternative and denying all liability, OmniGuide denies the commission agreement constitutes a contract between the parties.

## VII. COUNTERCLAIMS

### PARTIES

1. Plaintiff/Counter Defendant Charles Marquis is an individual residing in the State of Texas. Marquis may be served through his counsel of record.

2. Defendant/Counter Plaintiff OmniGuide is a Delaware corporation with its corporate headquarters and principal place of business in Boston, Massachusetts.

### JURISDICTION/VENUE

3. The Court has jurisdiction over OmniGuide's counterclaims pursuant to 28 U.S.C. § 1332 as Marquis and OmniGuide are citizens of different states and the amount in controversy exceeds the jurisdictional threshold of this court, $75,000. The Court also enjoys supplemental jurisdiction over OmniGuide's counterclaims under 28 U.S.C. § 1367(a) because the Court has original jurisdiction with regard to Plaintiff's age discrimination, disability discrimination and retaliation claims and OmniGuide's counterclaims are related to these claims such that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper before the Court under 28 U.S.C. § 1391(a) because Marquis is a resident of Dallas, Texas and, therefore, is subject to personal jurisdiction before the Court. Venue is also proper before the Court under 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the counterclaims occurred in Texas.

### BACKGROUND FACTS

5. OmniGuide is a private medical device company founded in 2000. The company develops, manufactures and markets to hospitals and surgeons, among other things, clinically targeted optical laser scalpel systems.

6. OmniGuide hired Marquis as a sales representative in October 2006. As such, Marquis was responsible for selling OmniGuide products. He received multiple warnings during his employment concerning his failure to meet sales performance standards and conduct that hindered his and OmniGuide's ability to sell OmniGuide products. When Marquis' work performance and conduct failed to improve, OmniGuide terminated his employment on November 3, 2008.

7. After his termination, Marquis maliciously published to third parties a number of disparaging, non-privileged statements about OmniGuide and its officers that he knew to be false. Particularly, on November 7, 2008, Marquis published an email to all OmniGuide employees wherein he stated as a matter of fact that (1) Doug Hutchison of OmniGuide "consistently pull[s] data to describe how the company is faring in a positive light," (2) OmniGuide is "falling short of Goal" under the "watch" of Mr. Hutchison, (3) Mr. Hutchison "front load[ed] [the orders] of a single distributor," and (4) Marquis would be meeting the next week with a "superior Dallas based attorney who specializes in Qui Tam litigation," implying that OmniGuide had engaged in fraud against the U.S. Government and that he would be exploring a lawsuit against the company for that reason.

8. Likewise, on or before August 17, 2009, Marquis made the following false, disparaging and non-privileged representation by email to one or more professional recruiters who, on information and belief, work with competitors, potential customers and potential employees to place professionals:

> OmniGuide has a hollow, mirrored surface, fiber that allows CO2 laser light to be "Bent", as a fiber can do; in its absence, CO2 light can only be shot in a straight line. This ability to bend the fiber offers "Access" to difficult to reach areas, such as below the vocal cords or the middle ear. The fibers have a very high failure rate, they melt or fail straight out of the box) (sic) and another fiber must be

opened; also, the company does not have a code, so reimbursement is challenging and often times just adds a lot of cost.

I was the very first OmniGuide rep (they had two others hired just weeks before me but they were both fired shortly after).  When I joined, the company had zero sales and zero revenue.  My salary was $80,000, and I made a 30% commission on all sales that first year, finishing it with a $197K in net pay.  The next year, they reduced everyone's salaries to $60K, and started a quota scheme that was absolutely mad!  I have never seen anything like it; it was not based on any of the factors that a company would generally use to develop a comprehensive comp plan.  As I understand it, this year, they have reduced salaries further to just $45K, and they reduced commissions to 8% (individual fiber sales) and 20% (10-pack sales), respectively.

Also if a rep falls below average for two consecutive months, they stop paying his salary for three months, and much worse—you should see the program!

The CEO is a physics professor who helped invent the fiber, not a business person; there are two managers that he relies on, one received his MBA just before joining OmniGuide and has no prior business experience, and the other is a marketing guy from Intuitive Surgical – who, it seems to me, gets off on firing people.  I saw so many great people be fired, and many others left because they could not make enough money to support their families.

If you have a candidate for an opportunity at OmniGuide, all I can relate to you is that in my opinion by two years of working with the company's management, is that it would be the worst mistake of his/her life to join that company.  In fact, when I left, I refused my stock options.  I have no confidence that they will survive.

There you have it.

9.      Further, on November 7, 2008, Marquis sent an email to Lisa Suennen, an OmniGuide board member and one of its lead investors, stating as a matter of fact that (1) "Doug Hutchinson, Yair Schindel, and Yoel Fink ha[d] destroyed the moral[e] of the Sales Team," (2) "[t]eam members will not speak to each other for fear that something might get passed along and they will be fired as a result," (3) Sales Team "salaries were cut," (4) Sales Team "commissions were made much more difficult to earn," (5) Sales Team "quotas [were] completely arbitrarily assigned," (6) "most of the best and brightest [of the Sales Team], including myself (this past

Friday), were terminated, without warning," (7) newer OmniGuide sales representatives only had to have "2 years of medical or B2B [business to business] sales experience," (8) "some of the new sale members [had] never even called on a surgeon, but [were] selling and walking into an OR to support Neurosurgical procedures," (9) "Doug [Hutchison] front loaded [an OmniGuide customer] with $200,000+ in fiber," (10) "[OmniGuide] frontloaded [an OmniGuide customer] with capital equipment," and (11) but for the alleged "front loading" of OmniGuide product and equipment, the OmniGuide and/or its sales team "would have ended up so much further below goal."

10. Similarly, on November 3, 2008, Marquis disseminated an email to Doug Hutchison, Douglas Woodruff, Yoel Fink and Yair Schindel, all employees of OmniGuide, in which he stated as a matter of fact that (1) OmniGuide fibers have a 20% failure rate, (2) the alleged 20% failure rate will be "of interest to the FDA [Food and Drug Administration]," and (3) OmniGuide charges some accounts more for the same product than it charges other accounts. In the same communication, Marquis implies that he will report OmniGuide to the Food and Drug Administration for misconduct unless OmniGuide offers him a severance package sufficient to "influence" him otherwise.

11. What is more, on November 19, 2008, Marquis disseminated an email to John Hoopman, an OmniGuide customer at the University of Texas Southwestern Medical Center, wherein he stated as a matter of fact that (1) OmniGuide was "building a representative force that is much less experienced so that they [the representative force] will work for much less of an income, but still be satisfied," (2) provided "poor" training to its sales staff, (3) OmniGuide Regional Manager, Tim Habeggar, instructed him to file a complaint against the University of Texas Southwestern Medical Center and/or Mr. Hoopman, and (4) "there is a [likelihood] that

the hospital will not be able to get reimbursed by the insurance carriers [if it purchased OmniGuide's disposable CO2 fibers]."

12. Further, on November 5, 2008, Marquis disseminated an email to various other OmniGuide customers, including Paul Digoy, and Vickie Roberts, wherein he stated as a matter of fact that (1) OmniGuide gave him no reason for his termination, (2) had a new hiring practice which included hiring less experienced representatives, and (3) the company's sales were not "meeting the expectations of the venture capitalist investors."

13. Many of these communications by Marquis revealed to third parties the confidential and/or non-public business information of OmniGuide in violation of the Proprietary Rights and Non-Competition Agreement ("Agreement") signed by Marquis when he became employed by OmniGuide. The Agreement prohibits Marquis from disclosing OmniGuide's confidential and non-public business information.

14. The Agreement also prohibits Marquis from diverting or soliciting OmniGuide's business. Many of Marquis' communications with third parties after his termination constitute attempts to "interfere with" and/or "divert away" OmniGuide's business in violation of the Agreement.

## CAUSE OF ACTION ONE—BUSINESS DISPARAGEMENT

15. OmniGuide incorporates the foregoing paragraphs of its Counterclaims as if stated fully herein.

16. Marquis maliciously published to third parties a number of disparaging, non-privileged statements about OmniGuide's business character, financial position and products that he knew to be false.

13

17. OmniGuide has suffered special damages as a proximate result of the publication by Marquis of these statements. It hereby seeks recovery for these special damages as well as court costs, pre- and post-judgment interest and all other relief to which it may be entilted.

## CAUSE OF ACTION TWO—BREACH OF CONTRACT

18. OmniGuide incorporates the foregoing paragraphs of its Counterclaims as if stated fully herein.

19. The Agreement is a binding and enforceable contract which prohibits Marquis from disclosing OmniGuide's confidential and non-public business information. The Agreement also prohibits Marquis from "interfere[ing] with" and/or "divert[ing] away" OmniGuide's business.

20. All conditions precedent have been met with regard to the Agreement.

21. Marquis breached the Agreement by divulging to third parties the confidential, non-public information of OmniGuide, including but not limited to information as to OmniGuide's internal business and compensation structure and processes, financial position and products. Marquis further breached the Agreement by way of multiple communications with third parties, including OmniGuide customers, which disparaged OmniGuide, thereby interfering with and diverting away OmniGuide's business.

22. OmniGuide has suffered actual and consequential damages as the proximate result of Marquis' breach of the Agreement. It hereby seeks recovery of these damages as well as its reasonable attorney's fees, court costs, pre- and post-judgment interest and all other relief to which it may be entitled.

## PRAYER FOR ATTORNEY'S FEES AND COSTS

23. OmniGuide requests an award of its reasonable attorney's fees under § 38.001 of the Texas Civil Practice & Remedies Code.

## JURY DEMAND

24. OmniGuide requests this matter be tried to a jury.

**WHEREFORE, PREMISES CONSIDERED,** Defendant/Counter Plaintiff OmniGuide, Inc. prays that, upon final trial and hearing hereof, Plaintiff/Counter Defendant Charles Marquis takes nothing from this lawsuit against Defendant and that Defendant be awarded all damages, costs, reasonable attorneys' fees, pre- and post-judgment interest and other expenses to which it may be entitled. OmniGuide, Inc. further prays the Court grant Defendant such other and further relief, either at law or in equity, to which it may show itself to be justly entitled.

Dated: July 1, 2010.

Respectfully submitted,

HERMES SARGENT BATES, L.L.P.

By: /Amy E. Davis/
**AMY E. DAVIS**
State Bar No. 24007083
**TAMMY D. WILBON**
**State Bar No. 24060828**

901 Main Street, Suite 5200
Dallas, Texas 75201
(214) 749-6000
(214) 749-6100 (fax)

**ATTORNEYS FOR DEFENDANT OMNIGUIDE, INC.**

15

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 1st day of July 2010, a true and correct copy of the foregoing document was served in compliance with the Federal Rules of Civil Procedure, to the following counsel of record:

Joseph H. Gillespie
M. Jeanette Fedele
GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue
Suite 200
Dallas, Texas  75204


/Amy E. Davis/
Amy E. Davis


992001
0356/00058