**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **CHARLES MARQUIS** | § | |
| | § | |
| **Plaintiff and Counter Defendant,** | § | |
| | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **3-09-CV-2092-D** |
| **OMNIGUIDE, INC.** | § | |
| | § | **ECF** |
| **Defendant and Counter Plaintiff.** | § | |

**PLAINTIFF'S OBJECTIONS TO AND MOTION TO STRIKE PORTIONS OF
DEFENDANT'S APPENDIX IN RESPONSE TO PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT AND BRIEF IN SUPPORT**

TO THE HONORABLE CHIEF JUDGE SIDNEY A. FITZWATER:

Plaintiff, Charles Marquis ("Marquis" or "Plaintiff"), submits the following objections to and motion to strike portions of the summary judgment evidence presented by Defendant OmniGuide, Inc. ("OmniGuide" or "Defendant") in its appendix [Doc. 88] submitted in response to Plaintiff's February 15, 2011 motion for partial summary judgment [Doc. 75]. In support thereof, Plaintiff respectfully states as follows:

## I. INTRODUCTION

On March 8, 2011, Defendant filed its response to Plaintiff's motion for partial summary judgment. As shown below, portions of Defendant's appendix in support of this response are not competent summary judgment evidence under FED. R. CIV. P. 56(c)(4) and should be stricken and not considered by the Court in ruling on Plaintiff's Motion for Partial Summary Judgment. The objectionable items include hearsay documents,[1] statements containing hearsay,[2] and

---

[1] Exhibits C & G / Def.'s Resp. App. 14-15, 25.

[2] Doug Hutchison's March 8, 2011 Affidavit ¶¶ 4, 8, 9, 11, and 16 / Def.'s Resp. 2-6.

conclusory unsupported statements made without personal knowledge of the facts.[3]  The March 8, 2011 Affidavit of Doug Hutchison contains other serious evidentiary flaws as well, including sham affidavit testimony that directly contradicts prior deposition testimony.[4]  For the reasons set out in Plaintiff's March 8, 2011 motion to strike [Doc. 89], Plaintiff also objects to portions of Doug Hutchison's January 5, 2011 affidavit.  Finally, because Defendant failed to articulate what damages it allegedly suffered, as required by Federal Rule of Civil Procedure 26(a),[5] the Court should strike all of Defendant's evidence concerning alleged damages pursuant to Rule 37(c)(1).  Plaintiff objects to and moves to strike the above items and respectfully requests that the Court sustain Plaintiff's objections and disregard such evidence when ruling upon Plaintiff's Motion for Partial Summary Judgment.

## II.  <u>ARGUMENT AND AUTHORITIES</u>

### A.    Summary Judgment Evidence Must be Admissible

The summary judgment determination must be based solely on admissible evidence in the record.  *Christophersen v. Allied-Signal Corp.*, 939 F.2d 1106, 1109 n.2 (5th Cir. 1991) *abrogated on other grounds*, *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).  FED.R.CIV.P. 56(c)(4) provides:

> An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out <u>facts that would be admissible in evidence</u>, and show that the affiant or declarant is competent to testify on the matters stated.

(emphasis added).   Thus, the Court may only consider Defendant's summary judgment evidence "to the extent that it is not based on hearsay or otherwise excludable at trial."  *Hatch v. Wal-Mart Stores, Inc.*, No. 06-50384, 2006 WL 2641657 at *1 (5th Cir. Sept. 14, 2006); *Fowler v. Smith*,

---

[3] *Id.* ¶¶ 5, 8, 11, 12, 16 / Def.'s Resp. App. 2-6.
[4] *Id.* ¶¶ 11, 13, 16 / Def.'s Resp. App. 4-6.
[5] Defendant failed to articulate any damages until February 14, 2011, the day before the dispositive motion deadline. *See* Pl.'s Mot. for Summ. J. App. 243-266.

68 F.3d 124, 126 (5th Cir. 1995); *Cormier v. Pennzoil Exploration & Prod. Co.*, 969 F.2d 1559, 1561 (5th Cir. 1991) (citing former FED. R. CIV. P. 56(e)); *Wilson v. Vickery*, 267 F.Supp.2d 587, 594 (E.D. Tex. 2002) (citing *Martin v. John W. Stone Oil Distributor, Inc.*, 819 F.2d 547, 549 (5th Cir. 1987)).

### 1.      Personal Knowledge

The Rule 56(c)(4) requirements are mandatory.  Summary judgment evidence must be based on a witness' personal knowledge in order to satisfy the requirements of Rule 56(c)(4). *See* FED. R. EVID. 602; *Cormier*, 969 F.2d at 1561.  Conclusory testimony not based on personal knowledge or fact should be stricken from the summary judgment record.  *Grimes v. Texas Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996); *Hanchey v. Energas Co.*, 925 F.2d 96, 97 (5th Cir. 1990); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1195-96 (5th Cir. 1986); *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221-22 (5th Cir. 1985).

Conclusory self-serving statements contained in an affidavit, deposition or declaration of an interested witness are not the kind of evidence that is admissible to defeat summary judgment. *See DirectTV, Inc. v. Budden*, 420 F.3d 521, 531 & n.49 (5th Cir. 2005); *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001); *see also Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir.1996) (en banc); *Forsyth v. Barr,* 19 F.3d 1527, 1533 (5th Cir. 1994). A mere recitation or conclusion by the affiant that he has personal knowledge of the facts is insufficient for the purposes of Rule 56(c)(4). *See Wagoner v. City of Garland, Texas*, 987 F.2d 1160, 1164 (5th Cir. 1993) (addressing former Rule 56(e)).

2.      **Sham Affidavits are Inadmissible**

A court cannot consider an affidavit or declaration that contradicts prior testimony or admissions for the purposes of creating a fact issue because it is not competent summary judgment evidence.  *See e.g., Crowe v. Henry,* 115 F.3d 294, 298 n.4 (5th Cir. 1997); *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d 489, 495 (5th Cir. 1996); *Shiernbeck v. Davis,* 143 F.3d 434, 438 (8th Cir.1998).  Under the "sham affidavit" doctrine, a "nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony.  *Albertson v. T.J. Stevenson & Co., Inc.,* 749 F.2d 223, 228 (5th Cir. 1984); *Kennett–Murray Corp. v. Bone,* 622 F.2d 887, 894–95 (5th Cir.1980);  *In re CitX Corp.*, 448 F.3d 672, 679 (3d. Cir. 2006).  Courts have consistently disregarded such sham affidavits as nothing more than an attempt to "manufacture a disputed material fact where none exists." *Albertson,* 749 F.2d at 228.  The rule applies to exclude affidavits which contradict prior deposition testimony of the affiant.  *Miller v. A.H. Robins Co., Inc.*, 766 F.2d 1102, 1104 (7th Cir. 1965); *see also Doe v. Grossman,* No. Civ. A. 3:99-CV-1336-P, 2000 WL 1400626, at *4 n.3 (N.D. Tex. 2000) (citing *Radobenko v. Automated Equipment Corp.,* 520 F.2d 540, 544 (9th Cir. 1975)); *Bennett v. CompUSA, Inc.,* Civ. A. No. 3:96-CV-0742-P, 1997 WL 10028, at *7 n.4 (N.D. Tex. 1997).

B.      **Defendant's Appendix Contains Inadmissible Hearsay Documents**

1.      **Exhibit C / Def.s' Resp. App. 14-15**

Exhibit C of Defendant's appendix in response to Plaintiff's motion for summary judgment (hereinafter "Response Appendix") is inadmissible hearsay.  Doug Hutchison's March 8, 2011 affidavit does not satisfy the Rule 803(6) requirements for bringing Exhibit C within the business records hearsay exception because he fails to identify the document as being "<u>made at</u>

or near the time by, or from information transmitted by a person with knowledge." Fed R. Evid. 803(6) (emphasis added). Hutchison's affidavit simply claims an employee or representative of Defendant with knowledge "place[d] them in OmniGuide's business records." Def.'s Resp. App. 6-7, ¶ 17. Moreover, Hutchison's testimony does not establish that he has personal knowledge of Exhibit C, who created it, or when. Nor does his testimony establish that he is qualified to testify as Defendant's custodian of records or has any familiarity with Defendant's record-keeping system.

### 2.   Portion of Exhibit G / Def.'s Resp. App. 25

Plaintiff objects to and moves to strike hearsay statements contained in Exhibit G of Defendant's Response Appendix. The portion that begins "From:   **Kim Price**" and ends "Thanks!!! ~Kim" is a hearsay statement and inadmissible under Rules 801/802.

### C.   Because Doug Hutchison's March 8, 2011 Affidavit Contains Hearsay, Unsupported Conclusory Statements, Speculation, and Contradictory Testimony, Large Portions Should be Stricken

Plaintiff objects to and moves to strike the following statements from Doug Hutchison's March 8, 2011 affidavit:

### Paragraphs 4 and 9 / Def.'s Resp. App. 2-3

- Def.'s Resp. App. 2 / ¶ 4:  "Attached as Exhibit C is a chart reflecting the ages of OmniGuide's sales force, which is limited to sales representatives, including their date of hire. This chart shows that the average age of OmniGuide's sales representative hires has increased from 32 years in 2007 to 34 in 2008 and even 34.5 in 2010."

- Def's Resp. App. 3 / ¶ 9: "As discussed above, OmniGuide's hiring criteria has (sic) remained consistent, and the average hiring age has actually increased."

These statements are unreliable and inadmissible hearsay. Hutchison has not established that he has personal knowledge of the ages or birth dates of OmniGuide's new hires in 2007,

2008, or 2009.  Further he is testifying about a document that is, itself, hearsay and inadmissible under FED. R. EVID. 801/802.

**Paragraph 5 / Def.'s Resp. App. 2**

- "OmniGuide continues to meet investor expectations, save for the damage caused by Marquis."

Plaintiff does not object to the first portion of this sentence.  However, Hutchison's reference to "the damage caused by Marquis" is nothing more than a conclusory allegation reflecting only Hutchison's speculative, unsubstantiated, and subjective belief or opinion.  It is not competent summary judgment evidence.  Plus, any evidence of damages should be stricken under Rule 37(c)(1).

**Paragraph 9 / Def.'s Resp. App. 3**

- "In August 2009, another investor – who did not receive Marquis disparaging comments -- bought shares of the same series of stock at $1.05 per share.  But for Marquis' email to Suennen, OmniGuide would have issued approximately 133,00 fewer shares, which represents 0.17% of OmniGuide's total outstanding shares of Preferred Stock."

These statements are self-serving speculation and conclusory allegations – both as to why the unidentified investor paid what it did for OmniGuide stock <u>and</u> whether this investor had received Marquis comments about OmniGuide.  Hutchison shows no personal knowledge of this unknown investor's knowledge about OmniGuide or the investor's mindset in determining the price it was willing to pay for stock.  Or, even if Hutchison had this information (which is not demonstrated in the affidavit), it would be inadmissible hearsay.  Hutchison's "but for Marquis" supposition is nothing more than speculation and unsubstantiated conclusion, reflecting only Hutchison's subjective belief.  It is not admissible.  Further, evidence of damages should be stricken under Rule 37(c)(1).

**Paragraph 11 / Def.'s Resp. App. 4-5**

- "As a result of the communications at Exhibits D, E and F, other OmniGuide employees and I have spent considerable time rehabilitating investor and customer relationships and employee morale.  Specifically, a group of at least six people at OmniGuide, including myself; Yoel Fink, founder and former chief executive officer; Brad Smith, chief financial officer; Allison Swartz, director of human resources; Joe Anderson, regional sales manager; and Tim Habegger, regional sales manager- had to spend on average a total of four weeks of time addressing Marquis' communications."

- "This unanticipated outlay of labor to address these communications can be translated to a dollar amount as follows:  the direct cost for the equivalent of 0.5 full time employee ("FTE") to six FTEs at one month each is approximately $100,000.  Additional damage includes the lost opportunity cost for these individuals who, but for the need to address Marquis' communications, would have been pursing value-added sales and marketing activities."

- "Therefore, the equivalent of three months of time between us had an impact of $108,000 in business.  These total activities, motivated solely by Marquis' communications, had a total impact of over $200,000.  Finally, any hope that OmniGuide had of trying to reinsert itself at UT Southwestern was taken away as a result of Marquis' email to John Hoopman . . . ."

These statements are riddled with evidentiary flaws.  Hutchison has established no foundation showing that he has personal knowledge of the facts he purports to relay.  Rather, they are speculative, unsubstantiated conclusions.  Further Hutchison has provided a sham affidavit; these statements directly contradict his earlier deposition testimony.  As to the amount of time other OmniGuide employees allegedly spent responding to Marquis' communications, Hutchison has not shown how he knows how much time, if any, others spent or what the value of their time equates to in dollar amounts.  Rather, Hutchison testified that he probably spent 20 to 30 hours (not weeks or months) on activities concerning Marquis' communications.  *See* [Doc. 77-1] Pl.'s Mot. for Summ. J. App. 21-22.  Hutchison testified he did not know how much time was spent by others, and that he was unaware of any effort by the company to track such time. *Id.* 22-23.  Hutchison further testified, contrary to his March 8 affidavit, he could not identify any lost sales revenue that he could attribute to Marquis' communications.  *Id.* 32.

Hutchison's speculation and conclusory allegations about what motivated Hoopman to continue refusing OmniGuide's business reflects only Hutchison's subjective beliefs.

**Paragraph 13 / Def.'s Resp. App. 5**

- "As a direct result of the communication at Exhibit G, OmniGuide has been unable to reach its target number of sales representatives.  Specifically, OmniGuide planned to have 35 sales representatives employed by the end of the 2009 fiscal year.  Despite the use of recruiters, OmniGuide only had 31.  Likewise, at the end of  2010, OmniGuide had targeted to have 40 sales representatives but was only able to grow its sales force to 33."

Hutchison's claim that OmniGuide could not meet its recruiting goals because of Marquis is pure speculation.  He has provided nothing that connects Marquis' emails to OmniGuide not meeting its recruiting goals one and two years later.  These statements represent nothing more than Hutchison's subjective beliefs and are not admissible evidence.  Plus, any evidence of Defendant's damages should be stricken under Rule 37(c)(1) due to Defendant's untimely disclosure of its damages.

**Paragraph 16 / Def.'s Resp. App. 6**

- "As of April 2, 2009, OmniGuide employed Bradford Smith and I as its highest ranking managers.  Mr. Smith was acting President and CEO ad well as the company's CFO."

Here, Hutchison blatantly reveals a lack of personal knowledge.  He falsely states that Bradford Smith, as company CEO was one of OmniGuide's highest ranking managers.  However, Bradford Smith contradicts Hutchison's sham affidavit.  Smith testified he became interim CEO in February 2010, nearly a year later than Hutchison claims.  *See* Def.'s Resp. App. 57 / Smith dep. 6:4-6.

## D.    Hutchison's January 3, 2011 Affidavit

Plaintiff objects to Defendant's Response Appendix 27-36, the January 5, 2011 affidavit of Doug Hutchison, for the same reasons described in Plaintiff's Objections to and Motion to Strike Portions of Defendant's Summary Judgment Evidence and Brief in Support [Doc. 89]

("Motion to Strike").  Plaintiff refers to the court to the Motion to Strike and fully incorporates it herein by reference.

### E.     Evidence of OmniGuide's Alleged Damages Should Be Stricken Under Rule 37(c)(1)

Although Plaintiff addresses OmniGuide's alleged damages evidence in the paragraphs above, it bears repeating that any such evidence should be barred because OmniGuide failed to timely identify any damages at all during the discovery period.  In fact, OmniGuide did not supplement its disclosures to identify any damages until the day before dispositive motions were due.

Federal Rule 26 provides that, "a party must, without awaiting a discovery request, provide . . . a computation of each category of damages . . . [and] the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based."  Rule 37 provides that, "[i]f a party fails to provide information or indentify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or harmless."  *CQ, Inc. v. TXU Mining Co., L.P.*, 565 F.3d 268, 279 (5th Cir. 2009) (upholding the district court's exclusion of evidence regarding damages).  Accordingly, Defendant's evidence of alleged damages is inadmissible.

### III.     CONCLUSION

For all the foregoing reasons, the evidence described above, which Defendant referenced in its Response Appendix, is not competent summary judgment evidence and should be stricken. Plaintiff therefore respectfully requests that this Court sustain Plaintiff's objections, grant this motion in its entirety, disregard such evidence when ruling on Plaintiff's Motion for Partial Summary Judgment, and grant such other relief as the Court deems appropriate.

Respectfully submitted,

GILLESPIE, ROZEN & WATSKY, P.C.
3402 Oak Grove Avenue
Suite 200
Dallas, Texas 75204
Phone: (214) 720-2009
Fax:    (214) 720-2291

Dated: April 5, 2011                    By:____/s/ *M. Jeanette Fedele*_____
                                            Joseph H. Gillespie (attorney-in-charge)
                                            State Bar No. 24036636
                                            josephgillespie@grwlawfirm.com
                                            M. Jeanette Fedele
                                            State bar No. 24040887
                                            jfedele@grwlawfirm.com

                                        ATTORNEYS FOR PLAINTIFF AND COUNTER DEFENDANT

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendant, Tammy D. Wilbon, on April 5, 2011. Ms. Wilbon informed me that Defendant opposes this motion.

                        By:____/s/ *M. Jeanette Fedele*_____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the above and foregoing document has been served upon OmniGuide's counsel of record via the Court's ECF system on April 5, 2011.

                        By:____/s/ *M. Jeanette Fedele*_____